IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | | |
|---|---|---|
| KEITH C. TOLBERT,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITY CAPTAIN T. BOYCE, et al.,<br><br>Defendants, | ) | Civil Action No. 3:23-CV-00018-CBB<br><br>United States Magistrate Judge Christopher B. Brown |

**MEMORANDUM ORDER[1] ON PLAINTIFF'S MOTION TO VACATE AND MOTION TO REOPEN CASE, ECF Nos. 151, 159**

## I. Introduction

Plaintiff Keith C. Tolbert ("Tolbert"), proceeding pro se and in forma pauperis, initiated this 42 U.S.C. § 1983 civil action on January 27, 2023. ECF No. 1. After granting summary judgment for Defendants, the Court entered Final Judgment pursuant to Federal Rule of Civil Procedure 58 on December 22, 2025. ECF No. 150.

Tolbert now seeks to vacate the final judgment order pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 151. Tolbert has attached nearly eighty pages of exhibits, including a declaration, requests to staff, and medical

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

documentation. *Id.* Tolbert also filed a Motion to Reopen, which the Court likewise construes as a Motion pursuant to Rule 60(b). ECF No. 159. Defendants responded to the Motion to Vacate,[2] ECF No. 156, and Tolbert filed a Reply. ECF No. 158.

As set forth below, it is HEREBY ORDERED that the Motion to Vacate and Motion to Reopen are DENIED and this matter will remain closed.

## II. Factual and Procedural Background

At the time of summary judgment, Tolbert's only remaining claim was a First Amendment Retaliation claim against Defendants Boyce, Dabbs, Weigle, Marks, Gibson, and Wiggins. ECF No. 92. The Court granted summary judgment for Defendants and found that Tolbert had not exhausted his administrative remedies. ECF No. 148-149. The Court entered Final Judgment pursuant to Federal Rule of Civil Procedure 58 on December 22, 2025. ECF No. 150.

Notably, Tolbert did not file an opposition brief or a Responsive Statement of Facts to Defendants' Motion for Summary Judgment. The Motion for Summary Judgment was originally filed on April 22, 2025. ECF No. 124. Tolbert was granted multiple extensions to file an opposition brief and statement of facts, ECF Nos. 130, 132, 134, 139, 143. Tolbert's original deadline of May 30, 2025 was extended until November 21, 2025 and the requests to file beyond that final date were denied. ECF Nos. 145, 147. Additionally, Tolbert was put on notice by Court Order dated October 29, 2025 (which extended his deadline for filing a response to the Motion for Summary Judgement to November 21, 2025), that "no further extensions will be

---

[2] The Court did not order Defendants to respond to the Motion to Reopen at ECF No. 159.

granted without good cause shown." ECF No. 143. In the end, after ***nearly seven months*** to file an Opposition brief and/or a Responsive Statement of Facts, Tolbert did not. The Court issued its Memorandum Opinion on December 22, 2025, more than a month after the deadline to file a response had passed and noted these violations of Local Rule 56.C.1. ECF No. 148.

## III. Legal Standard – Fed. R. Civ. P. 60(B)

Tolbert now moves to vacate the Court's Final Judgment Order under Federal Rule of Civil Procedure 60(b). ECF No. 151, 159. Under this section, a court may relieve a party from a final judgment for the following reasons:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1). The timing and effect for filing a motion to set aside a final judgment is governed by Fed. R. Civ. P. 60(c) which provides that "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3)

no more than a year after the entry of the judgment or order or the date of the proceeding."[3]

It is Tolbert's burden, as the moving party, to establish that that he is entitled to relief under Rule 60(b). *Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 909 (3d Cir. 2010). Motions under Rule 60(b) are "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Randolph v. Wetzel*, No. 13-CV-4116-JMY, 2025 WL 1257259, at *5 (E.D. Pa. Apr. 30, 2025) (quoting *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998)). The remedy provided by Rule 60(b) is "extraordinary, and special circumstances may justify granting relief under it." *Tischio*, 16 F. Supp. 2d at 533 (quoting *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)).

## IV. Discussion

Tolbert does not cite to a specific subsection of Rule 60(b) as grounds for relief. ECF Nos. 151, 159. However, in his Motion to Vacate, he says that he was prevented from filing his response to the Motion for Summary Judgment on time because prison officials never mailed a responsive "Declaration" he prepared. ECF No. 151 at ¶ 4. And in his Motion to Reopen, he says he was being retaliated against by Defendants, and otherwise had limited access to legal materials in an inadequate law library. ECF No. 159 at ¶ 1. The Court interprets these arguments

[3] The timeliness of Tolbert's Motion to Vacate is not in debate here – it was received by the Court on January 7, 2026. ECF No. 151.

as either "excusable neglect" under Rule 60(b)(1), "misconduct by an opposing party" under Rule 60(b)(3), or "any other reason that justifies relief" under Rule 60(b)(6).

The test for "excusable neglect" under Rule 60(b)(1) is equitable and requires consideration and weighing of the totality of the circumstances. *Melvin v. Kenney*, No. 20-CV-03529-JMY, 2020 WL 10965924, at *1 (E.D. Pa. Dec. 16, 2020). This includes "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay—and whether it was within the movant's control; and (4) whether the movant acted in good faith." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

To prevail on a Rule 60(b)(3) motion, "the moving party must establish, by clear and convincing evidence, that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting her case." *Poland v. Lawler,* No. 2:10-CV-0313, 2026 WL 2032970, at *3 (E.D. Pa. July 14, 2026) (quoting *Dougboh v. Cisco Sys.*, 726 F. App'x 914, 915-16 (3d Cir. 2018)). And to prevail on a Rule 60(b)(6) motion, a movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal citations omitted). The movant "bears a heavy burden of proof that extraordinary circumstances are present." *Poland,* 2026 WL 2032970, at *3 (citing *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)).

Looking more closely at Tolbert's argument, he has not met this heavy burden under any section of Rule 60(b). In his motion to vacate, Tolbert states that

on **November 13, 2025**, he gave his Declaration to prison officials via placement in the prison mailbox and the prisoner mailbox rule should apply. ECF No. 151 at ¶¶ 4, 10. He says prison officials interfered with the mail and never sent it to the Court. *Id.* He further says he was only told that this mail did not get sent to the Court in late December 2025. *Id.*

This timeline contradicts Tolbert's own statements before the Court. In Tolbert's Motion for Additional Time to File the Response to Corrections Defendants' Motion for Summary Judgment dated **November 19, 2025** (received by the Court on November 25, 2025), Tolbert requested an additional thirty-day extension to file a response to summary judgment. ECF No. 146.[4] In this November 19 motion – written ***six days after*** he now says he placed his Declaration in the prison mailbox – he says he has not yet prepared a response to Defendants' motion for summary judgment. *Id.*

Now, Tolbert is attempting to rewrite the events of November 2025 to make up for his failure to timely respond to the motion for summary judgment. As stated above, he had over seven months to respond to Defendants' motion for summary judgment. He did not. That is not grounds to reopen the case. *Trotman v. Smith*, No. 1:17-00285, 2019 WL 13558329, at *1 (W.D. Pa. Oct. 3, 2019), *aff'd*, 796 F. App'x 764 (3d Cir. 2020) ("[I]t is not a ground for relief that a party failed to present all the facts known to him and that might have been useful to the court in deciding whether to grant or deny summary judgment"). Since he has not set forth any

[4] The Court denied this Motion for Additional Time, as Plaintiff had already been granted numerous extensions. ECF No. 147.

evidence (let alone clear and convincing evidence) that Defendants prevented him from filing his Declaration via misconduct, he has not set forth grounds to reopen the case under Rule 60(b)(3).

Nor does Tolbert support his argument about an inadequate law library or access to legal materials. Tolbert was able to file this extensive Motion to Vacate just days after receiving the Court's final judgment. ECF No. 151. He has also litigated extensively throughout this case including opposing the motion to dismiss (ECF No. 79), participating actively in discovery and filing multiple motions to compel (ECF Nos. 101-102, 105, 108 111), and filing multiple extension/stay requests for the motion for summary judgment (ECF Nos. 129, 131, 133, 140, 142, 144, 146). Tolbert's argument about the law library, made in passing, is not sufficient grounds to reopen the case. *See Givens v. Att'y Gen. of the State of Pennsylvania Debra Kelly*, No. CV 12-365, 2016 WL 3406055, at *2 (W.D. Pa. June 21, 2016) (finding lack of access to law library was not an "extraordinary circumstance" warranting granting a Rule 60(b) Motion).

Tolbert has not shown excusable neglect under Rule 60(b)(1), in light of the November 19, 2025 filing revealing that he had not yet responded to Defendants' Motion for Summary Judgment by the deadline. Responding on time was within his control, and Defendants would be prejudiced by reopening a final judgment. *Schock v. Baker*, 663 Fed. Appx. 248 (3d. Cir. 2016) (upholding district court's denial of the plaintiffs' motion to alter or amend summary judgment entered in favor of the defendants in plaintiffs' pro se § 1983 action; plaintiffs' pro se status and alleged

health problems do not constitute excusable neglect so as to excuse their failure to comply with the court's summary judgment procedure); *Logan v. Am. Cont. Bridge League*, 173 F. App'x 113, 117 (3d Cir. 2006) (finding no excusable neglect where counsel had "notice of the motion, and was perfectly able to contest it, but did not").

Finally, missing a much-extended deadline does not constitute an "extraordinary circumstance" to justify reopening the case under Rule 60(b)(6). *Karakozova v. Trs. of Univ. of Pennsylvania*, No. CIV.A. 09-02564, 2011 WL 3349812, at *3 (E.D. Pa. Aug. 2, 2011) (finding no "extraordinary circumstances" where plaintiff had ample notice of obligation to respond to summary judgment).

This situation simply does not meet any of the other criteria to vacate a judgment and open a case. Fed. R. Civ. P. 60(b). Tolbert does not argue any type of mistake or fraud under 60(b)(1) or (3). *See* ECF Nos. 151, 159. He has also not introduced any newly-discovered evidence under Rule 60(b)(2). Tolbert's declaration references documents and events from July 2021-February 2022 which all took place before he filed this lawsuit in January 2023. ECF No. 151. None of the documents are new or could not have otherwise been discovered prior to his summary judgment deadline in November 2025.

Accordingly, Tolbert's motion to vacate (ECF No. 151) and motion to reopen (ECF No. 159) are DENIED.

## V. Conclusion & Order

As set forth above, Tolbert has not demonstrated grounds for relief under Federal Rule of Civil Procedure 60(b). Accordingly, it is HEREBY ORDERED that

the Motion to Vacate (ECF No. 151) and Motion to Reopen (ECF No. 159) are DENIED. It is FURTHER ORDERED that the case shall remain CLOSED.

DATED this 21st day of September, 2026.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

CC: KEITH C. TOLBERT
LZ-4998
SCI FOREST
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239

All counsel of record*, via ECF*